IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

JOHN COHEA,
and others similarly situated,

    Plaintiffs,

v.                                        C.A. No.: 3:22-cv-55

**COLLECTIVE ACTION**

OLIN CORPORATION,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOHN COHEA (hereinafter sometimes referred to as "Plaintiff"), and others similarly situated, by and through his undersigned counsel, hereby sues Defendant, OLIN CORPORATION (hereinafter sometimes referred to as "Defendant"), and in support thereof states as follows:

## INTRODUCTION

1. This is a collective action by Plaintiff, and others similarly situated, against their employer for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid overtime, liquidated damages, and a reasonable attorney's fee and costs.

## JURISDICTION

2. This claim is properly before this Court pursuant to 28 U.S.C. § 1331, since this claim arises under federal law, and by the private right of action conferred

in 29 U.S.C. § 216(b).

## VENUE

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant, OLIN CORPORATION, has offices located in Brazoria County, Texas.

## THE PARTIES

4. Plaintiff is an individual residing in Brazoria County, Texas.

5. Plaintiff was employed by Defendant from January 9, 2015, to the present as a process operator in Brazoria County, Texas.

6. Defendant, OLIN CORPORATION, is a corporation existing under the laws of the State of Virginia and maintains offices in Brazoria County, Texas.

7. Defendant, OLIN CORPORATION, manufactures, markets, and sells ammunition and chemical compounds throughout the United State of America and is an employer as defined by 29 U.S.C. § 203(d).

8. Defendants, OLIN CORPORATION, has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff is employed.

9. At all times material to this complaint, Defendant, OLIN CORPORATION, employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

10. At all times material to this complaint, Defendant, OLIN CORPORATION, was an enterprise engaged in interstate commerce, operating a

business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

11. At all times material to this Complaint, Defendant, OLIN CORPORATION was the employer of the Plaintiff and others similarly situated, and, as a matter of economic reality, Plaintiff and others similarly situated were dependent upon Defendant for their employment.

12. Additionally, Plaintiff and others similarly situated were individually engaged in commerce and produced goods for commerce and their work was directly and vitally related to the functioning of Defendant's business activities. Specifically, Plaintiff, and others similarly situated, were responsible for producing chemical products and/or ammunition for interstate commerce.

13. Defendant uses Kronos time-keeping software and applications. On or about December 11, 2021, Kronos was hit with a ransomware attack. As a result, Defendant could not access the hours Plaintiff and others similarly situated worked.

14. In the workweeks November 29, 2021, through December 5, 2021, and December 6, 2021 and December 12, 2021, instead of paying Plaintiff and all others similarly situated for the actual amount of overtime worked, Defendant paid Plaintiff and all others similarly situated based upon their "scheduled" time. Plaintiff estimates that he and his co-workers worked as many as 48 hours of overtime per workweek from November 29, 2021, through December 6, 2021, through the present

for which they were not compensated at a rate of one and one-half time their regular rates for each hour of overtime worked.

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT

15. From November 29, 2021, through December 12, 2021, Defendant repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff and others similarly situated at a rate not less than one and one-half times the regular rate of pay for each hour worked in excess of 40 in a workweek.

16. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this Class as follows:

> ALL CURRENT OR FORMER H   HOURLY EMPLOYEES OF OLIN CORPORATION, WHO WERE EMPLOYED BETWEEN NOVEMBER 29, 2021, AND DECEMBER 12, 2021, AND WERE NOT COMPENSATED FOR ALL WORK IN EXCESS OF 40 HOURS IN ANY WORKWEEK AT A RATE NOT LESS THAN ONE AND ONE-HALF OF THEIR REGULAR RATE FOR ALL OVERTIME HOURS WORKED.

17. This action is properly brought as a collective action for the following reasons:

  a. The Class is so numerous that joinder of all Class Members is impracticable.

  b. Numerous questions of law and fact regarding the liability of OLIN CORPORATION, are common to the Class and predominate over any individual issues which may exist.

c. The claims asserted by Plaintiff are typical of the claims of Class Members and the Class is readily ascertainable from OLIN CORPORATION's own records. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

d. Plaintiff will fairly and adequately protect the interests of Class Members. The interests of Class Members are coincident with, and not antagonistic to, those of Plaintiff. Furthermore, Plaintiff is represented by experienced class action counsel.

e. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for OLIN CORPORATION

f. The prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interests of the other Class Members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

g. OLIN CORPORATION, acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

18. For the foregoing reasons, Plaintiff shall seek an order from this Court authorizing Plaintiff to issue class notification of this action as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) for all claims asserted by Plaintiff. Class notice of this opt-in collective is appropriate because Plaintiff's claims are nearly identical to those of other Class Members. Plaintiff and Class Members are similarly situated, have substantially similar or identical job requirements and pay provisions, and are subject to Defendant's common practice, policy or plan regarding employee

wages and hours.

19. In addition to the named Plaintiff, numerous employees and former employees of Defendant are similarly situated to Plaintiff in that they have been denied overtime compensation while employed by Defendant.

20. Plaintiff estimates that there are over 3000 putative class members

21. Plaintiff and all others similarly situated held the position of process operators, or other manufacturing-related positions, and were not paid overtime properly for their work in excess of 40 hours per workweek.

22. Plaintiff is representative of these other employees and is acting on behalf of their interests as well as Plaintiff's own interests in bringing this action.

23. Defendant either knew about or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA and failed to act diligently with regard to its obligations as employers under the FLSA.

24. Defendant failed to act reasonably to comply with the FLSA, and so Plaintiff, and all others similarly situated, are entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

25. The acts described in the above paragraphs violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of 40 per workweek.

26. As a result of Defendant's unlawful conduct, Plaintiff and all others similarly situated are entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

27. Plaintiff and all others similarly situated are entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, JOHN COHEA, and all others similarly situated, demand Judgment against Defendant, OLIN CORPORATION, for the following:

   a. Determining that the action is properly maintained as or collective action, certifying Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for Class Members;

   b. Determine, based on all available evidence, whether and to whom the opt-in notice should be distributed;

   c. Awarding Plaintiff and Class Members declaratory and/or injunctive relief as permitted by law or equity;

   d. Awarding Plaintiff and Class Members their compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

   e. Awarding Plaintiff and Class Members their pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded;

   f. Awarding Plaintiff and Class Members liquidated damages and/or statutory penalties as provided by law;

g. Awarding Plaintiff and Class Members such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, JOHN COHEA, and others similarly situated, demands a jury trial on all issues so triable.

Respectfully submitted, December 2, 2021.

**ROSS • SCALISE LAW GROUP**
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawpc.com

*/s/ Charles L. Scalise*

**CHARLES L. SCALISE**
Texas Bar No. 24064621
**DANIEL B. ROSS**
Texas Bar No. 789810


**ATTORNEYS FOR PLAINTIFF**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

JOHN COHEA,
and others similarly situated,

    Plaintiffs,

v.                                                Case 3:22-cv-55
                                                  **COLLECTIVE ACTION**

OLIN CORPORATION,

    Defendant.
_____/

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of the above-styled Fair Labor Standards Act action in my name and on my behalf by the above representative Plaintiff and designate the class representative as my agent to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_____
JOHN COHEA